**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| DEBORAH NICHOLS,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART, INC, ET AL<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1332, 1441, 1446 and the applicable Local Rules of the Northern District of Ohio, Defendants Walmart Inc. and Wal-Mart Stores East, LP, incorrectly identified as Wal-Mart, Inc. in the Complaint (collectively, "Walmart"), hereby remove this action from the Court of Common Pleas, Lorain County, Ohio. In support thereof, Walmart states as follows:

## PROCEDURAL BACKGROUND

1. On or about January 7, 2026, Plaintiff Deborah Nichols ("Plaintiff") filed a Complaint in a civil action for money damages in the Common Pleas Court of Lorain County, Ohio against Wal-Mart, Inc. and Wal-Mart Stores East, LP bearing case number 26CV000013 (the "State Action").

2. The documents attached as Exhibit "A" constitute all the process and pleadings served and filed in this action to date, pursuant to 28 U.S.C. §1446(a).

3. A copy of the Complaint was delivered to Walmart's registered agent on February 21, 2026. *See* Exhibit A.

4. Plaintiff's Complaint alleges general damages in excess of $25,000. *See* Exhibit A.

5. Walmart's Answer to the Complaint was filed February 5, 2026. *See* Exhibit A.

6. On February 18, 2026, the Lorain County Court of Common Pleas schedule a Telephone Case Management Conference for April 10, 2026. *See* Exhibit A.

7. Lorain County Court of Common Pleas held a Telephone Case Management Conference on April 10, 2026 and scheduled another Telephone Status Conference for July 14, 2026. *See* Exhibit A.

8. On April 19, 2026, Walmart's counsel filed the Notice of Service of Defendant's First Set of Interrogatories and Request for Production of Documents Propounded to Plaintiff. *See* Exhibit A.

9. On June 24, 2026, Lorain County Court of Common Pleas rescheduled the telephone Status Conference for September 11, 2026. *See* Exhibit A.

10. Lorain County Court of Common Pleas held a Telephone Case Management Conference on September 11, 2026 and set a case schedule. *See* Exhibit A.

11. Walmart's counsel requested a demand from Plaintiff's counsel on August 20, 2026 via email. *See* Exhibit B.

12. Plaintiff's counsel responded to the August 20, 2026 and stated that Plaintiff was demanding $550,000. *See* Exhibit C.

13. This Notice of Removal is filed in the United States District Court for the Northern District of Ohio, within the district and division embracing the place where the State Action was filed as required by 28 U.S.C. §§1332 and 1441(a).

**<u>THIS CASE IS REMOVAL BASED UPON DIVERSITY JURISDICTION</u>**

14. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending."

15. Pursuant to 28 U.S.C. §1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States."

16. In this case, both the "diversity" and "amount in controversy" requirements are met.

17. Upon information and belief, Plaintiff is a citizen of the State of Ohio. *See* Exhibit A.

18. Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the sole general partner and WSE Investment, LLC is the sole limited partner.

19. Both WSE Management, LLC and WSE Investment, LLC are Delaware limited liability companies, with principal places of business in Arkansas.

20. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC.

21. Wal-Mart Stores East, LLC is an Arkansas limited liability company with its principal place of business in Arkansas. The sole member of Wal-Mart Stores East, LLC is Walmart, Inc.

22. Walmart, Inc. is a Delaware corporation with its principal place of business in Arkansas.

23. For purposes of removal jurisdiction, none of the following entities are citizens of Ohio: Wal-Mart Stores East, LP, WSE Management, LLC, WSE Investment, LLC, Wal-Mart Stores East, LLC, Walmart, Inc.

24. Therefore, complete diversity of citizenship exists between the Plaintiff and Defendants within the meaning of 28 U.S.C. §1332.

**THE AMOUNT OF CONTROVERSY EXCEEDS $75,000**

25. Removal of this case is proper under 28 U.S.C. §1441, 28 U.S.C. §1446, and 28 U.S.C. §1332, because complete diversity of citizenship exists between the Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of costs, interest, and attorney's fees.

26. In response to the request for settlement demand, Plaintiff demanded $550,000 to resolve the litigation. *See* Exhibit C.

27. This Notice is timely as it is being filed within thirty days of receipt by Walmart of service of the demands. *See* 28 U.S.C. §1446(b)(3).

28. Walmart has satisfied all procedural requirements with respect to timing, diversity of citizenship, and amount in controversy, therefore removal to this Court is proper. *See* 28 U.S.C. §§1332, 1441, and 1446.

29. The undersigned as served a notice of the removal of this action of the Plaintiff with this Notice of Removal and has also filed a copy of this Notice of Removal and all attachments thereto with the Clerk of the Court of Common Pleas, Cuyahoga County, Ohio. A Copy of the Notice of Filing of the Notice of Removal is attached hereto as Exhibit "D."

30. As this action asserts a claim between diverse parties for an amount greater than the jurisdictional threshold, the requirements of 28 U.S.C. §1332 have been satisfied and removal to this Court is proper.

31. Should Plaintiff seek to remand this case to state court, Walmart respectfully requests that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, Walmart asks that the Court retain jurisdiction and allow Walmart to file a motion asking this Court to certify any

remand order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. §1292(b).

Defendants Wal-Mart Stores East, LP and Walmart, Inc. respectfully request this case be entered upon the docket of the United States District Court for the Northern District of Ohio. Wal-Mart Stores East, LP and Walmart, Inc. also request all other relief at law or in equity, to which it is just entitled.

Respectfully Submitted,

*/s/ Kelly Grigsby Jones*
Kelly Grigsby Jones (0065952)
Alexandra N. Nienaber (0096471)
**PEREZ & MORRIS, LLC**
1300 East Ninth Street, Suite 1600
Cleveland, Ohio 44114
Telephone: (216) 621-5161
Facsimile: (216) 621-2399
Email: kjones@perez-morris.com
anienaber@perez-morris.com
*Counsel for Defendant Walmart Inc. and Wal-Mart Stores East, LP*

**CERTIFICATE OF SERVICE**

A copy of the foregoing document has been sent via electronic docketing system and/or e-mail on this 24th day of September 2026 to the following:

Ladi Williams (0081754)
Tom Merriman (0040906)
MERRIMAN, LEGANDO & WILLIAMS, LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T: 216-522-9000
F: 216-522-9007
Email: ladi@merrimanlegal.com
tom@merrimanlegal.com
*Counsel for Plaintiff*

/s/ *Kelly Grigsby Jones*
Kelly Grigsby Jones (0065952)
Alexandra N. Nienaber (0096471)
*Counsel for Defendant Walmart Inc. and Wal-Mart Stores East, LP*